UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/22
```

Optima Media Group Ltd. et al,

                Plaintiffs,

         –v–

Bloomberg, L.P.,

                Defendant.

17-cv-1898 (AJN)

ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

    Before the Court is Defendant's Motion for Attorney's Fees. Dkt. No. 184. For the reasons below, the motion is granted, but with reductions.

## I. Background

    Plaintiffs commenced this action on March 15, 2017, for Bloomberg's termination of the parties' License Agreement. The Court held a nine-day bench trial on October 5, 2020, with closing argument on December 10, 2020. On May 14, 2021, the Court found that Plaintiffs had failed to prove its breach of contract claims. Dkt. No. 183. It also found that Bloomberg did not prove its counterclaim for trademark infringement. *Id.* However, the Court did find that Bloomberg met its burden of proving its counterclaims for breach of contract against Plaintiff OMG. *Id.* The Court awarded damages and found that Bloomberg is entitled to reasonable costs, including attorney's fees. *Id.* The Court then ordered the parties to brief any motions for costs and fees. Bloomberg requests $17,978,535.67 from this litigation, including reasonable attorney's fees, expert fees, and disbursements to vendors necessary for discovery, depositions, and trial. *See* Memorandum of Law in Support of Motion for Attorneys' Fees, Dkt. No. 185 at 2.

1

**II.     Discussion**

Plaintiffs make two primary arguments in opposition to Bloomberg's application. They first argue that, due to various flaws with both Bloomberg's application and the underlying Agreement, Bloomberg is not entitled to fees. Second, Plaintiffs argue that the fees sought are unreasonable and should be denied. The Court finds that Bloomberg is entitled to fees and that the fees fall within the scope of the Agreement. But the Court also concludes a significant reduction is warranted.

**A.  Bloomberg is Entitled to Attorney's Fees and Costs**

The Court held that Bloomberg is entitled to attorney's fees and costs under the Agreement, which stated that Plaintiffs would "indemnify Bloomberg . . . from and against any and all claims, damages, liabilities, costs, and expenses, including reasonable attorneys' and exerts fees," arising, among other things, "out of or in connection with" a "breach of any provision of this Agreement by the Licensee or any of the Licensee's affiliates." Dkt. No. 183 at 50 (quoting Agreement ¶ 13(a)). Plaintiffs argue that Bloomberg is not entitled to an award of any fees or costs, though, because (1) Bloomberg failed to include any time records in support of its request, (2) Bloomberg "failed to show that it actually incurred" the nearly $18 million in fees and costs claim because it failed to submit proof of payment, (3) the Court should refuse to enforce the Agreement because it is unconscionable, and (4) the language of the Agreement prevents recovery on most claims. Dkt. No. 187 at 1-7.

Plaintiffs' first argument that Bloomberg was required to submit time records is legally incorrect as a matter of New York state contract law. Although the Second Circuit requires contemporaneous time records for attorney's fees, when fees are sought under New York contract law an application for attorney's fees need not be supported by contemporaneous time

2

records.  *See Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 147-48 (2d Cir. 2014); *see also Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992) ("State law creates the substantial right to attorney's fees, a right which cannot be deprived by applying the contemporaneous time records rule adopted in this Circuit.").  The absence of contemporaneous time records does not, therefore, preclude an award of attorney's fees.

Nevertheless, New York law does require a" proper and sufficient affidavit of services." *Major League Baseball Properties, Inc. v. Corporacion de Television y Microonda Rafa, S.A.*, 19-cv-8669 (MKV) (GWG), 2021 WL 56904, at *4 (S.D.N.Y. Jan. 7, 2021) (citation omitted). Thus, the party seeking a fee still "bears the burden of showing the reasonableness of the fee by providing definite information regarding the way in which time was spent." *Id.* (citation omitted).  The Declaration of Lorin L. Reisner, submitted in support of Bloomberg's application, provides a general description of the work performed by counsel at each stage of the lawsuit and monthly invoices showing the overall amounts billed.  *See* Dkt. No. 186, 186-1.  As the Court concludes below, the lack of detailed time records supports a reduction of Bloomberg's request, but it does not undermine Bloomberg's entitlement to attorney's fees altogether.  Relatedly, Plaintiffs' argument that the totals given by Bloomberg were only approximations does not undermine Bloomberg's entitlement to fees, it merely contributes to the vagueness of the application which supports a reduction.

Second, Plaintiffs argue that Bloomberg has not sufficiently proven that it incurred the fees outlined in its application.  Dkt. No. 187 at 5-6.  But the Reisner Declaration confirms that the fees and costs accounted for in the application have "actually been paid by Bloomberg." Dkt. No. 186 ¶ 3.  And the scope of the Reisner Declaration includes (albeit vaguely) all items for

which Bloomberg seeks reimbursement. *Id.* The Court readily finds that those amounts were incurred by Bloomberg.

Third, Plaintiffs argue in opposing the fee amount that the provision of the parties' Agreement under which the Court found that Bloomberg is entitled to attorney's fees is unconscionable, and that the Court should refuse to enforce it. Dkt. No. 187 at 6. But Plaintiffs did not make this argument in its post-trial motion, so the argument is waived. *See Liu v. Little Saigon Cuisine Inc.*, 18-cv-2181 (RPK) (VMS), 2021 WL 4487839, at *11 (S.D.N.Y. Sept. 30, 2021) (recognizing that defendants waived a claim by failing to raise it at trial or develop it in their post-trial brief).

Finally, Plaintiffs argue that under the language of the parties' Agreement, Bloomberg is not entitled to indemnification for most of its claims. They argue that Bloomberg cannot recover attorney's fees for its fraudulent inducement and trademark infringement cross-claims because they do not "aris[e] out of or in connection with . . . breach of any provision of [the] Agreement,"[1] nor for the breach of contract cross-claims against Plaintiff OSMI because they were dismissed. Dkt. No. 187 at 11. The Court rejects Plaintiffs arguments. Courts have held that attorney's fees incurred in defense of counterclaims in a suit to enforce a guaranty were incurred "in connection with" that guaranty. *See Resolution Trust Corp. v. Feldman*, 3 F.3d 5, 10-11 (1st Cir. 1993). This is true even when attorney's fees were incurred litigating dismissed claims under a guaranty in connection with the enforcement of the guaranty based on the reasoning that "none of the fees would have been incurred had [defendant] complied with his

---

[1] Plaintiffs likely waived its argument about the fraudulent inducement and trademark cross-claims by failing to raise it in its post-trial submissions. *Liu*, 2021 WL 4487839, at *11. Nonetheless, the Court concludes that the argument fails.

4

contractual obligations in the first instance." *Phoenixcor, Inc. v. Pnini*, 2005 WL 2063829, at *3 (S.D.N.Y. Aug. 26, 2005).

The posture of Bloomberg's counterclaims is analogous. The indemnity provision of the Agreement applies to any claims "arising out of or in connection with . . . [a] breach of any provision of the Agreement by Licensee or any of the Licensee's affiliates." Agreement ¶ 13(a). The Court held that Bloomberg proved its counterclaim for breach of contract as a result of Plaintiff OMG's failure to adequately perform their obligations as set forth in the Agreement. Dkt. No. 183 at 1. Bloomberg's unsuccessful counterclaims were related and in direct response to Plaintiff OMG's breach, and therefore the fees related to those claims were incurred "in connection with" a breach of the Agreement as required by the indemnification provision. As Bloomberg argues, "none of the claims would have been necessary had [Plaintiffs] not failed to perform and otherwise breached the Agreement." Dkt. No. 188 at 12. Thus, those claims fall within the language of the Agreement and Bloomberg is entitled to attorney's fees incurred on those claims.

None of Plaintiffs' arguments undermine the Court's previous finding that Bloomberg is entitled to attorney's fees. Thus, the Court will turn to analyze the appropriate amount to award Bloomberg.

### B. A Reduction in the Proposed Award is Appropriate

When determining the reasonableness of an attorney's fee award, the Court must evaluate the reasonableness of both the hourly rates and the number of hours billed. *See Hensley v. Eckerhart*, 461 U.S. 424, 453 (1983). Courts may reduce the number of hours in a fee application when the billing information submitted by the claimants is "too vague to sufficiently document the hours claimed," *Kirsch v. Fleet St., Ltd.,* 148 F.3d 149, 172 (2d Cir. 1998), or

5

when the Court determines that the hourly rate is unreasonable, *see Ferrari v. U.S. Equities Corp.*, 661 F. App'x 47, 50 (2d Cir. 2016). However, a complete disallowance of attorney's fees is not the appropriate remedy in such a situation. Instead, courts have consistently reduced the requested fee award by a fixed percentage. *People ex rel. Vacco v. Rac Holding, Inc.*, 135 F. Supp. 2d 359 (N.D.N.Y. 2001); *see also John v. Demaio*, 15-cv-6094 (NGG), 2016 WL 7469862, at *8 (E.D.N.Y. Sept. 29, 2016) ("Where entries on a time sheet are vague, duplicative, or otherwise insufficient, a court need not itemize individual entries as excessive; rather, it may make an across-the-board reduction, or percentage cut, in the amount of hours.") (cleaned up).

Plaintiffs request attorney's fees and costs in the amount of $14,963,858.70 for approximately 26,864 hours of work billed by Paul Weiss lawyers and litigation support staff. Dkt. No. 186 at 2. Although the Court rejects the arguments regarding overall entitlement to fees, a significant reduction of Bloomberg's requested award is appropriate due to the high-end rates billed in combination with the vagueness of the documented hours.

As a preliminary matter, the Court finds that Bloomberg's rates are on the very high end of those that have generally been approved in this district for similar cases. *See, e.g.*, *Genger v. Genger*, 14-cv-5683 (KBF), 2015 WL 1011718, at *2 (S.D.N.Y. March 9, 2015) (collecting cases) ("In recent years, New York district courts have approved rates for experienced law firm partners in the range of $500 to $800 per hour."); *see also, e.g.*, *Manhan v. Roc Nation LLC,* 14-cv-5075 (LGS), 2016 WL 4718018, at *2 (S.D.N.Y. Sept. 9, 2016) (approving partners' hourly rates of $565 to $855); *Pyatt v. Raymond*, 10-cv-8764 (CM), 2012 WL 1668248, at *6 (S.D.N.Y. May 10, 2012) (collecting cases approving hourly rates of $400 to $650 for partners in copyright and trademark cases). The rates billed in this case—namely partner fees as high as $1,326— exceed some of the highest rates courts in this Circuit have approved in complex contract cases.

*See APEX Emp. Wellness Servs., Inc. v. APS Healthcare Bethesda, Inc.*, 11-cv-9718 (ER), 2018 WL 5784544, at *5 (S.D.N.Y. Nov. 5, 2018) (approving hourly rates of up to $1,058.25 in breach of contract action); *Vista Outdoor Inc. v. Reeves Family Tr.*, 16-cv-5766, 2018 WL 3104631, at *6 (S.D.N.Y. May 24, 2018) (approving hourly rates of up to $1,260 in breach of contract action).

More importantly the billing information submitted is too vague for the Court to determine whether the hours claimed were appropriate. Bloomberg seeks compensation for a total of 26,864 hours billed during the course of the litigation. But it provides no time sheets—itemized or otherwise—or specific entries to reach that total. Outside of invoices from Paul Weiss that reflect monthly bills throughout the litigation, and general summaries about how many hours were spent on each stage of the litigation, Bloomberg has provided little support to the Court in evaluating the reasonableness of the amounts for which it was billed or the hours each individual worked on the case. At the same time, though, the Reisner Declaration demonstrates that Bloomberg paid large amounts to Paul Weiss for its services in this case. *See* Dkt. No. 186-1. Because Bloomberg did not submit itemized calculations of each timekeeper to correspond with the hours worked, the Court will use its discretion to apply an across-the-board reduction to effectuate the reasonable imposition of fees.

Considering the billed rates and vagueness of the application, the Court reduces Bloomberg's requested award by fifty percent. The Court uses similar cases from courts within this Circuit as guidance in reaching this percentage. *See, e.g.*, *Hines v. 1025 Fifth Ave. Inc.*, 14-cv-3661 (SAS), 2015 WL 4006126, at *7 (S.D.N.Y. June 30, 2015) (reducing fee request by fifty (50) percent); *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 64–65 (2d Cir. 2014) (upholding "an across-the-board 50 percent reduction" in hours when counsel failed to submit additional

7

documentation to justify the requested award). Reducing the application request by fifty percent, the Court awards Bloomberg $7,481,929.35 for attorney's fees and costs.

### C. Bloomberg's Request for Expert, Vendor, and Other Costs is Unsupported

Bloomberg's application also requests $2,949,126.51 in expert, vendor, and related costs in connection with this litigation. Dkt. No. 185 at 4; Dkt. No. 186 ¶ 10. "The party seeking reimbursement for expert fees bears the burden of proving reasonableness." *Matteo v. Kohl's Dep't Stores, Inc.,* 09-cv-7830(RJS), 2012 WL 5177491, at *5 (S.D.N.Y. Oct. 19, 2012) (citation and internal quotation marks omitted), *aff'd,* 533 F. App'x 1 (2d Cir.2013). The application and Reisner Declaration indicate that these fees were incurred by Bloomberg, but the documents fail to "itemize the expert's hourly rate and total number of hours spent on this case, let alone provide a description about the specific work that the expert[s and vendors] performed." *Rhodes v. Davis*, 08-cv-9681 (GBD), 2015 WL 1413413, at *4 (S.D.N.Y. March 3, 2015); *see also Protection One Alarm Monitoring, Inc. v. Executive Protection One Security Serv., LLC*, 553 F. Supp. 2d 201, 210 (E.D.N.Y. 2008) (declining to award costs in part because "the burden is on the moving party to explain and justify the costs"). Because Bloomberg has not met this burden, the Court will reduce its request for costs by fifty percent and award $1,474,563.25.

### III. Conclusion

For the reasons stated, the Court awards Defendant $7,481,929.35 in attorney's fees and $1,474,563.25 in costs. This resolves Docket Number 184, and the Clerk of Court is respectfully directed to issue judgment and close this case.

SO ORDERED.

Dated: March 31, 2022
      New York, New York

_____
ALISON J. NATHAN
United States Circuit Judge
Sitting by Designation